NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STACY G. HALL, | No. 17-35954 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-00058-DLC |
| v. | |
| BUDDY MYOTTE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Stacy G. Hall, a Montana state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We reverse and remand.

The district court dismissed Hall's action for failure to state a claim. However, liberally construed, Hall's allegations "are sufficient to warrant ordering [defendants] to file an answer."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012).

First, regarding his claim alleging a dangerous work environment, Hall alleged that defendants denied him proper equipment to clean high surfaces and instead instructed him to stand on furniture and fixtures in the cell, creating the dangerous conditions that caused Hall's slip and fall accident.  Hall also alleged that defendants denied him any protective gear to prevent exposure to fecal matter while cleaning a cell as part of his work duty.  These allegations are sufficient to state a claim.  *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (knowledge of substantial risk can be inferred from circumstantial evidence "and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious"); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006)

17-35954

(setting forth requirements for an Eighth Amendment claim in the prison work context).

Second, regarding his medical deliberate indifference claim, Hall alleged that defendants delayed, denied, and interfered with prescribed physical therapy for his shoulder injury, and that defendants interfered with the continuous administration of his pain medication. These allegations are sufficient to state a claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (setting forth elements of medical deliberate indifference claim).

Finally, regarding his retaliation claim, Hall alleged that he received inadequate medical care in retaliation for filing grievances and that defendant Kohut told him that his medical care would improve if he stopped filing grievances. These allegations are sufficient to state a claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

We reverse the district court's judgment and remand for further proceedings.

We reject as unsupported by the record Hall's contentions that the district court failed to consider his supervisory liability and excessive force claims.

**REVERSED and REMANDED.**

17-35954